| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
|  | CHRISTINE M. REILLY (Bar No. CA 226388) |
| 2 | E-mail: CReilly@manatt.com |
|  | ALEXANDRA N. KRASOVEC (Bar No. CA 279578) |
| 3 | E-mail: AKrasovec@manatt.com |
|  | KRISTIN HAULE (Bar No. CA 312139) |
| 4 | E-mail: KHaule@manatt.com |
|  | 2049 Century Park East |
| 5 | Suite 1700 |
|  | Los Angeles, California  90067 |
| 6 | Telephone:    310.312.4000 |
|  | Facsimile:    310.312.4224 |
| 7 |  |
|  | Attorneys for Defendants |
| 8 | WAVE PLASTIC SURGERY CENTER, INC.; WAVE |
|  | PLASTIC SURGERY CENTER ARCADIA, INC.; |
| 9 | WAVE PLASTIC SURGERY CENTER IRVINE, INC.; |
|  | AND WAVE PLASTIC SURGERY CENTER R.H., |
| 10 | INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SERA KIM, as an individual and on behalf of all others similarly situated, | | Case No. 2:20-cv-11735 |
| | | **CLASS ACTION** |
| Plaintiff, | | |
| v. | | **DEFENDANTS WAVE PLASTIC SURGERY CENTER, INC.; WAVE PLASTIC SURGERY CENTER ARCADIA, INC.; WAVE PLASTIC SURGERY CENTER IRVINE, INC.; AND WAVE PLASTIC SURGERY CENTER R.H., INC.'S NOTICE OF REMOVAL** |
| WAVE PLASTIC SURGERY CENTER, INC., a California corporation; WAVE PLASTIC SURGERY CENTER ARCADIA, INC., a California corporation; WAVE PLASTIC SURGERY CENTER IRVINE, INC., a California corporation; WAVE PLASTIC SURGERY CENTER R.H., INC., a California corporation; WAVE PLASTIC SURGERY CENTER SAN FRANCISCO, INC., a California corporation; and DOES 1 through 50, inclusive, | | |
| | | [Removal of civil action from Superior Court of California, County of Los Angeles, Case No. 20STCP02376] |
| | | [Filed concurrently with: |
| | | (1) Declaration of Sunny Gao; |
| Defendants. | | (2) Wave Plastic Surgery Center San Francisco, Inc.'s Consent to Removal |
| | | (3) Notice of Interested Parties and Corporate Disclosure Statement; and |
| | | (4) Proof of Service] |

Defendants Wave Plastic Surgery Center, Inc.; Wave Plastic Surgery Center Arcadia, Inc.; Wave Plastic Surgery Center Irvine, Inc.; and Wave Plastic Surgery Center R.H., Inc., pursuant to 28 U.S.C. Section 1441, remove to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed pursuant to 28 U.S.C. Sections 1331, 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. Section 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Sera Kim ("Plaintiff") and filed with the Clerk of the California Superior Court for the County of Los Angeles. Pursuant to 28 U.S.C. Section 1446(b)(2)(a), Defendant Wave Plastic Surgery Center San Francisco, Inc., the only Defendant not a party to this removal, consents to this removal. *See* Consent to Removal, filed concurrently herewith.

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On July 27, 2020, Plaintiff filed a putative class action captioned *Kim v. Wave Plastic Surgery Center Inc., et al*, Case No. 20STCP02376, against Defendants Wave Plastic Surgery Center, Inc.; Wave Plastic Surgery Center Arcadia, Inc.; Wave Plastic Surgery Center Irvine, Inc.; Wave Plastic Surgery Center R.H., Inc.; and Wave Plastic Surgery Center San Francisco, Inc. (collectively "Wave" or "Defendants").

2. Service of the Summons and Complaint was unsuccessfully attempted via "substituted service" on all Defendants (except Wave Plastic Surgery Center San Francisco, Inc.) in September of 2020. *See* Exhibits 1-2 (Los Angeles Superior Court case docket). According to the proof of service, Wave Plastic Surgery Center San Francisco, Inc. was served via personal service on September 4, 2020 at 11:45 AM.

3. According to the Proofs of Service, Plaintiff attempted to serve Defendants (except the San Francisco entity) via "substituted service" by leaving the documents with someone named "Lillian Zhang" at the business address 3680 Wilshire Blvd. # 202, Los Angeles, CA 90010 and by thereafter mailing copies of the documents to the same address. *See* Exhibits 1-2.

4. Defendants' (except for the San Francisco entity's) agent for service of process is "Peter G. Lee" not "Lillian Zhang." *See* Exhibit 3 (Secretary of State filings).[1] Moreover, the address and suite number on the proofs of service is not the service address listed on the Secretary of State filings for Wave Plastic Surgery Center Arcadia, Inc.; Wave Plastic Surgery Center Irvine, Inc.; or Wave Plastic Surgery Center R.H., Inc. *See id.*

5. Pursuant to California Code of Civil Procedure Section 416.10, in relevant part, a summons may be served on a corporation to (1) its agent for service of process; or (2) the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process. Lillian Zhang is none of these. *See* Declaration of Sunny Gao ¶ 3.

6. Pursuant to California Corporations Code Section 1702, if Plaintiff cannot serve a California corporation with reasonable diligence, and produces an affidavit to that effect, it may serve the corporation by delivering the process by hand to the Secretary of State. Plaintiff has not produced any such affidavit or proof that it served Defendants via the Secretary of State.

7. Therefore, service of the summons and complaint were never properly effectuated on Wave Plastic Surgery Center, Inc.; Wave Plastic Surgery Center Arcadia, Inc.; Wave Plastic Surgery Center Irvine, Inc.; or Wave Plastic Surgery Center R.H., Inc.

8. As such, the 30-day timeframe for removal outlined in 28 U.S.C. § 1446(b)(1) has not yet commenced, and this removal is timely.

9. A true and correct copy of the Register of Actions in the State Court Proceeding is attached to this Notice as Exhibit 1.

---

[1] The Court may properly take judicial notice of corporate formation documents and other corporate documents filed with the California Secretary of State. *See KZSA Broad., Inc v. Immaculate Heart Radio Educ. Broad., Inc.*, No. 2:10-CV-01213-GEB, 2010 WL 5344620, at *2 (E.D. Cal. Dec. 20, 2010) (taking judicial notice of corporate formation documents filed with the California Secretary of State as matters of public record); *Grassmueck v. Barnett*, 281 F. Supp. 2d 1227, 1232 (W.D. Wash. 2003) (noting that certified public records kept by Secretaries of State "fall directly into the category of items that the Ninth Circuit generally considers proper for judicial notice.")

10. True and correct copies of the pleadings, proofs of service, and orders that were pulled from the State Court Proceeding docket are attached to this Notice as Exhibit 2.

11. True and correct copies of Defendants' business filings, which were pulled from the California Secretary of State's website are attached to this Notice as Exhibit 3.

## JOINDER

12. The only other Defendant to this Action, Wave Plastic Surgery Center San Francisco, Inc., consents to this removal. *See* Consent to Removal, filed concurrently herewith. According to the Proof of Service filed on the State Court docket, Wave Plastic Surgery Center San Francisco, Inc.'s agent for service of process was served with the summons and complaint via personal service on September 4, 2020 at 11:45 AM.

## THE COMPLAINT'S ALLEGATIONS

13. This action is a putative class action against Defendants on behalf of those who received one or more text message advertisement(s) from the named defendants (or an affiliate, subsidiary, or agent of the named defendants) without having provided express written consent. Compl. ¶ 29. Plaintiff's Complaint alleges only one cause of action for violations of the Telephone Consumer Protection Act. *See* Compl. at 1, 9.

14. The Complaint seeks trebled statutory damages, attorneys' fees and costs, interest, and injunctive relief. *See* Compl. at Prayer.

15. Defendants dispute Plaintiff's allegations, believe the Complaint lacks merit, and deny that Plaintiff or the putative class members have been harmed in any way.

## FEDERAL QUESTION JURISDICTION

16. This Court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

17. The first and only cause of action in the Complaint alleges a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This Court has federal question jurisdiction over that claim. *Mims v. Arrow Fin. Svcs., LLC*, 565 U.S. 368 (2012) (federal courts have federal question jurisdiction over TCPA claims).

**CAFA JURISDICTION**

18.  This action is within the original jurisdiction of this Court, and removal is therefore also proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant.  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

19.  <u>Covered Class Action</u>.  This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B); 1453(a)&(b).  (Complaint ¶ 1).

20.  <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiff purports to represent a nationwide class.  Compl. ¶¶ 29, 32.  Defendants are California corporations with principal place of businesses in California.  Thus, the diversity requirements of CAFA are satisfied.  28 U.S.C. § 1332(d)(2)(A).

21.  <u>Class Action Consisting of More than 100 Members</u>.  Plaintiff alleges the class consists of "tens of thousands of persons dispersed throughout the United States." Compl. ¶ 32.  Thus, the class, as alleged, consists of more than 100 members.

22.  <u>Amount in Controversy</u>.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of the $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).  Plaintiffs seek trebled statutory damages.  Compl. at Prayer.  Minimum statutory damages under the TCPA are $500 per violation and trebled statutory damages under the TCPA are up to $1500 per TCPA violation.  47 U.S.C. § 227(b)(3)(B)-(C).  Plaintiff alleges the class consists of "tens of thousands of persons." Compl. ¶ 32.  Ten thousand one persons times $500 minimum statutory damages exceeds $5 million.  Therefore, as alleged, the amount in controversy satisfies CAFA's jurisdictional threshold.

## CONCLUSION

23.    Defendants Wave Plastic Surgery Center, Inc.; Wave Plastic Surgery Center Arcadia, Inc.; Wave Plastic Surgery Center Irvine, Inc.; and Wave Plastic Surgery Center R.H., Inc.; having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, respectfully submit this Notice of Removal, request that the Action be removed, and request that the Court assume full jurisdiction over the case herein as provided by law.

WHEREFORE, Defendants Wave Plastic Surgery Center, Inc.; Wave Plastic Surgery Center Arcadia, Inc.; Wave Plastic Surgery Center Irvine, Inc.; and Wave Plastic Surgery Center R.H., Inc. give notice that the above-described action pending against them in the Superior Court for the County of Los Angeles is removed to this Court.

Dated: December 29, 2020

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Kristin E. Haule
Christine M. Reilly
Alexandra N. Krasovec
Kristin E. Haule
Attorneys for Defendants
WAVE PLASTIC SURGERY CENTER, INC.; WAVE PLASTIC SURGERY CENTER ARCADIA, INC.; WAVE PLASTIC SURGERY CENTER IRVINE, INC; AND WAVE PLASTIC SURGERY CENTER R.H., INC.