# EXHIBIT 2

# EXHIBIT 2-A

# Summons & Complaint

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAVE PLASTIC SURGERY CENTER, INC, a California corporation;
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sera Kim, as an individual and on behalf of all others similarly situated.

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 05 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>Superior Court of California, County of Los Angeles<br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>20STCP02376 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frank H. Kim; Kim Legal, APC, 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010; (323) 482-3300

| DATE: AUG 05 2020<br>*(Fecha)* | Sherri R. Carter, Clerk | Clerk, by<br>*(Secretario)* | STEVEN DREW | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Wave Plastic Surgery Center, Inc, a California Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sera Kim v. Wage Plastic Surgery Center, Inc., et al. | 20STCP02376 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

WAVE PLASTIC SURGERY CENTER ARCADIA, INC, a California corporation;
WAVE PLASTIC SURGERY CENTER IRVINE, INC., a California corporation;
WAVE PLASTIC SURGERY CENTER R.H., INC., a California corporation;
WAVE PLASTIC SURGERY CENTER SAN FRANCISCO, INC, a California corporation; and
DOES 1 through 50, inclusive

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FRANK H. KIM (SBN 260609)
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Email: fkim@kim-legal.com

Attorneys for Plaintiff Sera Kim

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**JUL 27 2020**

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SERA KIM, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAVE PLASTIC SURGERY CENTER, INC, a California corporation; WAVE PLASTIC SURGERY CENTER ARCADIA, INC, a California corporation; WAVE PLASTIC SURGERY CENTER IRVINE, INC., a California corporation; WAVE PLASTIC SURGERY CENTER R.H., INC., a California corporation; WAVE PLASTIC SURGERY CENTER SAN FRANCISCO, INC, a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  **20STCP02376**<br><br>**CLASS ACTION**<br><br>**COMPLAINT**:<br><br>(1) Violation of the Telephone Consumer Protection Act, 47 U.S.C. 427 |

## INTRODUCTION

1.      Plaintiff Sera Kim ("Plaintiff") brings this class action on behalf of herself and all others similarly situated against the named defendants; and Does 1 through 50 (collectively, "Defendants").

2.      As alleged below, Defendants have violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, through their unwanted cellular-telephone contact of consumers. Specifically, Defendants have violated the TCPA by sending to

1

1  consumers, without first obtaining the consumers' express written consent, unsolicited text

2  messages for marketing purposes through the use of an automatic telephone dialing system,

3  invading the consumers' right to privacy.

4       3.      Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to,

5  inter alia, statutory damages and injunctive relief for Defendants' violations.

6                          **JURISDICTION AND VENUE**

7       4.      Federal and state courts have concurrent jurisdiction over suits arising under the

8  TCPA. This Court therefore has subject-matter jurisdiction over Plaintiff's cause of action.

9  Furthermore, this Court has personal jurisdiction over the named defendants because, as

10 alleged more particularly below, the named defendants are incorporated in the State of

11 California with a present principal place of business in the County of Los Angeles.

12      5.      Venue is proper in the County of Los Angeles in accordance with section 395(a)

13 of the California Code of Civil Procedure because the events, omissions, and/or injuries giving

14 rise to Plaintiff's cause of action against Defendants occurred within the County of Los

15 Angeles.

16                               **THE PARTIES**

17      6.      Plaintiff is, and at all times mentioned in this complaint was, a resident of Los

18 Angeles County, California.  She is, and at all times relevant herein was, a "person" as defined

19 under 47 U.S.C. § 153.

20      7.      On information and belief, Defendant Wave Plastic Surgery Center, Inc. is now,

21 and at all times herein mentioned was, a corporation organized and existing under the laws of

22 California, did and continues to transact business in California and Los Angeles County, and is,

23 and was, a "person" as defined under 47 U.S.C. § 153.

24      8.      On information and belief, Defendant Wave Plastic Surgery Center Arcadia,

25 Inc. is now, and at all times herein mentioned was, a corporation organized and existing under

26 the laws of California, did and continues to transact business in California and Los Angeles

27 County, and is, and was, a "person" as defined under 47 U.S.C. § 153.

28      9.      On information and belief, Wave Plastic Surgery Center Irvine, Inc. is now, and

1  at all times herein mentioned was, a corporation organized and existing under the laws of
2  California, did and continues to transact business in California and Los Angeles County, and is,
3  and was, a "person" as defined under 47 U.S.C. § 153.

4       10.    On information and belief, Wave Plastic Surgery Center R.H., Inc. is now, and
5  at all times herein mentioned was, a corporation organized and existing under the laws of
6  California, did and continues to transact business in California and Los Angeles County, and is,
7  and was, a "person" as defined under 47 U.S.C. § 153.

8       11.    On information and belief, Wave Plastic Surgery Center San Francisco, Inc. is
9  now, and at all times herein mentioned was, a corporation organized and existing under the
10 laws of California, did and continues to transact business in California and Los Angeles
11 County, and is, and was, a "person" as defined under 47 U.S.C. § 153.

12      12.    Plaintiff is ignorant of the true names and capacities, whether individual,
13 corporate, associate or otherwise, of the defendants sued herein as Does 1 through 10,
14 inclusive, and therefore sues said defendants (the "Doe Defendants") by such fictitious names.
15 Plaintiff will amend this complaint to insert the true names and capacities of the Doe
16 Defendants at such time as the identities of the Doe Defendants have been ascertained.

17      13.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants
18 are the partners, agents, or principals and co-conspirators of the name defendants, and of each
19 other; that the named defendants and the Doe Defendants performed the acts and conduct
20 herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in,
21 ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe
22 Defendants is liable to the extent of the liability of the Defendants as alleged herein.

23      14.    Plaintiff is further informed and believes, and thereon alleges, that at all times
24 herein material, each defendant was completely dominated and controlled by its co-defendants
25 and each was the alter ego of the other. Whenever and wherever reference is made in this
26 complaint to any conduct by the named defendants or Defendants, such allegations and
27 references shall also be deemed to mean the conduct of each of the Defendants, acting
28 individually, jointly and severally. Whenever and wherever reference is made to individuals

CLASS ACTION COMPLAINT

1  who are not named as defendants in this complaint, but were employees and/or agents of

2  Defendants, such individuals at all relevant times acted on behalf of Defendants named in this

3  complaint within the scope of their respective employments.

4  **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

5      15.    To address consumer complaints regarding certain telemarketing practices,

6  Congress enacted the TCPA, 47 U.S.C. § 227, in 1991. The TCPA prohibits, inter alia, the use

7  of automated telephone equipment, or "autodialers," to make any call, including sending a text

8  message, to a wireless number absent an emergency or the "prior express consent" of the party

9  called. And in the case of calls or text messages that constitute "advertisements" or

10  "telemarketing", as defined by applicable regulations, the TCPA requires the "prior express

11  written consent" of the called party before initiating such calls or texts via an autodialer.

12      16.    According to findings by the Federal Communication Commission ("FCC"),

13  which is vested with authority to issue regulations implementing the TCPA, autodialed calls

14  and texts are prohibited because receiving them is a greater nuisance and invasion of privacy

15  than live solicitation calls and they can be costly and inconvenient. The FCC also recognized

16  that wireless customers are charged for such incoming calls and texts whether they pay in

17  advance or after the minutes or texts are used.

18      17.    One of the most prevalent bulk advertising methods employed by companies

19  today involves the use of "Short Message Services" (or "SMS"), which is a system that allows

20  for the transmission and receipt of short text messages to and from wireless telephones.

21  Another similar service called "Multimedia Messaging Services" (or "MMS") is based upon

22  and is similar to the SMS system, but also permits the transmission of photos and videos via

23  text message. According to one study, "[s]pam isn't just for email anymore; it comes in the

24  form of unwanted text messages of all kinds -- from coupons to phishing schemes -- sent

25  directly to user's cell phones."

26      18.    SMS and MMS text messages are directed to a wireless device through a

27  telephone number assigned to the device. When an SMS or MMS text message is successfully

28  transmitted, the recipient's wireless phone alerts the recipient that a message has been received.

Because wireless telephones are carried on their owners' persons, SMS and MMS text messages are received virtually anywhere in the world.

19. Unlike more conventional advertisements, SMS and MMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

20. Moreover, the transmission of an unsolicited SMS or MMS text message to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

21. Plaintiff was at all times mentioned herein the subscriber of the cellular telephone number (818) ***-6526 (the "6526 Number"). The 6526 Number was at all times mentioned herein assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

22. On separate occasions on or about June 2020 and July 2020, Defendants transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, numerous text message advertisements to the 6526 Number without first obtaining Plaintiff's express written consent and without providing Plaintiff a mechanism to stop receiving such messages in the future.

23. Because Plaintiff is alerted by her cellular device, by auditory or visual means, whenever she receives a text message, the unsolicited SMS or MMS text message advertisements that Defendants transmitted to Plaintiff's cellular device invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

24. All telephone contact by Defendants or affiliates, subsidiaries, or agents of Defendants to Plaintiff at the 6526 Number occurred via an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

25. Specifically, Defendants utilized an "automated telephone dialing system"

1   because the text messages to the 6526 Number and to the other Class members cellular devices
2   were sent from an SMS short code that is used to transmit messages to consumers *en masse*;
3   because Defendants' automated dialing equipment includes features that make it capable of
4   sending numerous text messages simultaneously and automatically to lists of telephone
5   numbers; and because the hardware and software used by Defendants to send such messages
6   have the capacity to store, produce, and dial random or sequential numbers, or receive and
7   store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion
8   and without human intervention.

9       26.     And indeed, Defendants actually transmitted the text messages at issue in this
10  case to Plaintiff and all other proposed members of the Class in an automated fashion and
11  without human intervention, with hardware and software that stored, produced and dialed
12  random or sequential numbers and/or received and stored lists of telephone numbers.

13      27.     The text messages sent by Defendants to the 6526 Number, as well as those sent
14  by Defendants to the other Class members, constitute "advertisements" and/or "telemarketing"
15  material within the meaning of the applicable TCPA regulations. This is because Defendants
16  sent the text messages in order to advertise the commercial availability of its goods and
17  services to Plaintiff and the other members of the Class for profit.

18      28.     Neither Plaintiff, nor the other members of the Class, provided their "prior
19  express written consent" to Defendants or any affiliate, subsidiary, or agent of Defendants to
20  transmit SMS or MMS text messages to the 6526 Number or to any other number by means of
21  an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

22                          **CLASS ACTION ALLEGATIONS**

23      29.     Plaintiff brings this class action on behalf of herself individually and as a
24  representative of the following persons entitled to statutory damages under the TPCA:  All
25  persons within the United States who received one or more text message advertisements(s)
26  from the named defendants (or an affiliate, subsidiary, or agent of the named defendants)
27  without having provided express written consent to be sent such text messages within the four
28  years prior to the filing of this complaint until resolution of this lawsuit ("Class Members" or

1   the "Class").

2       30.    Plaintiff reserves the right to amend the Class definition as additional facts and

3   information are learned in further investigation and discovery.

4       31.    Upon application by Plaintiffs counsel for certification of the Class, the Court

5   may also be requested to utilize and certify subclasses in the interests of manageability, justice,

6   or judicial economy.

7       32.    <u>Numerosity</u>: The number of persons within the Class is substantial, believed to

8   amount to tens of thousands of persons dispersed throughout the United States. It is, therefore,

9   impractical to join each member of the Class as a named Plaintiff. Further, the size and

10  relatively modest value of the claims of the individual members of the Class renders joinder

11  impractical. Accordingly, utilization of the class action mechanism is the most economically

12  feasible means of determining and adjudicating the merits of this litigation.

13      33.    <u>Typicality</u>: Plaintiff received at least one text message advertisement through

14  the use of an automatic telephone dialing system, without providing

15  prior express written consent to Defendants within the meaning of the TCPA. Consequently,

16  the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiffs

17  interests are consistent with and not antagonistic to those of the other Class members he seeks

18  to represent. Plaintiff and all members of the Class have been impacted by, and face continuing

19  harm arising out of, Defendants' violations or misconduct as alleged herein.

20      34.    <u>Adequacy</u>: As Class representative. Plaintiff has no interests adverse to, or

21  which conflict with, the interests of the absent members of the Class, and is able to fairly and

22  adequately represent and protect the interests of such a Class. Plaintiff has raised viable

23  statutory claims of the type reasonably expected to be raised by members of the Class and will

24  vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class

25  Action Complaint to add additional Class representatives or assert additional claims.

26      35.    There are common questions of law and fact as to the Class that predominate

27  over questions affecting only individual members including, but not limited to:

28      A.    Whether Defendants or affiliates, subsidiaries, or agents of Defendants

transmitted advertising or telemarketing text messages to Plaintiffs and Class members' cellular telephones;

B.      Whether such text messages were sent using an "automatic telephone dialing system";

C.      Whether Defendants or affiliates, subsidiaries, or agents of Defendants can meet their burden to show that Defendants obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of, assuming such an affirmative defense is raised;

D.      Whether Defendants or affiliates, subsidiaries, or agents of Defendants should be enjoined from engaging in such conduct in the future.

36.      Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. The Class members can be readily located and notified of this class action through Defendants records and, if necessary, the records of cellular telephone providers.

# FIRST CAUSE OF ACTION

## Violation of the TCPA

### [47 U.S.C. § 227(b)(1)(A)]

### (Against All Defendants)

37.    Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

38.    Plaintiff and each member of the Class received at least one text message from Defendants that promoted the sale of Defendants' goods or services and was sent using an automatic telephone dialing system.   Each such text message constituted "advertising" or "telemarketing" material within the meaning of the TCPA and its implementing regulations. Neither Plaintiff nor any other member of the Class provided Defendants prior express written consent to receive such text messages.

39.    Defendants' use of an automatic telephone dialing system to transmit text message advertisements to telephone numbers assigned to a cellular telephone service, including to Plaintiff's 6526 Number and the numbers of all members of the proposed Class, absent the requisite "prior express written consent," as set forth above, constituted violations of the TCPA by Defendants, including but not limited to violations of 47 U.S.C. § 227(b)(l)(A)(iii).

40.    As a result of Defendants' violations of 47 U.S.C. § 227(b)(l)(A)(iii), Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

41.    As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and all Class members are also entitled to, and do seek, an award of statutory damages of $500.00 (or $1,500.00 for any willful or knowing violations) for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42.    Plaintiff and the Class members also seek an award of attorneys' fees and costs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally,

9

as follows:

1.  An order certifying the Class under section 382 of the California Code of Civil Procedure;

2.  With respect to the First Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class, for statutory treble damages against Defendants jointly and severally, as well as for injunctive relief;

3.  An award of pre-judgment and post-judgment interest, to the extent allowable by law;

4.  An award of attorney's fees and costs of suit, to the extent allowable by law; and

5.  For such further relief as the Court deems fit and proper.

Dated: July 24, 2020                     **KIM LEGAL, APC**

By: _____*Frank Kim*_____

Frank Kim, Esq.
Attorneys for Plaintiff

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Frank H. Kim (SBN 264609)<br>KIM LEGAL, APC<br>3435 Wilshire Blvd, Suite 2700<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (323) 482-3300   FAX NO.:<br>ATTORNEY FOR *(Name)*: Sera Kim | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 2 7 2020<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____ , Deputy<br>Steven Drew |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill St.
MAILING ADDRESS: 111 N Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Frank Kim v. B & V Enterprises, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>**20STCP02376** |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☑ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 1. The Telephone Consumer Protection Act, 47 U.S.C. 427
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2020
Frank H. Kim
_____
(TYPE OR PRINT NAME)
▶ *Frank Kim*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer
         or wrongful eviction*)
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
   complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex
   case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-
      domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
      harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified
   above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

| SHORT TITLE: Sera Kim v. Wave Plastic Surgery Center, Inc., et al. | CASE NUMBER 20STCP02376 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Sera Kim v. Wave Plastic Surgery Center, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Sera Kim v. Wave Plastic Surgery Center, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☑ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Sera Kim v. Wave Plastic Surgery Center, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☑ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 24, 2020_____

*Frank Kim*
_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/27/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCP02376 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 07/27/2020
   (Date)

By S. Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                            (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____    ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____    ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER. |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____        _____
                                                              JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

   a. **The Civil Mediation Vendor Resource List**
      If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

     **These organizations cannot accept every case and they may decline cases at their discretion.**
      Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
      NOTE:  This program does not accept family law, probate, or small claims cases.

   b. **Los Angeles County Dispute Resolution Programs**
      https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

   c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/27/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCP02376 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/27/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Drew _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT 2-B

# Minute Order

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCP02376**                                                    August 7, 2020
**SERA KIM vs WAVE PLASTIC SURGERY CENTER, INC., et**                    9:52 AM
**al.**


Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                      ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order re: Complex Designation

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
09/30/2020 at 10:00 AM in this department. At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. The Initial Status Conference Order is to help the Court and
the parties manage this complex case by developing an orderly schedule for briefing, discovery,
and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCP02376**                                                         August 7, 2020
**SERA KIM vs WAVE PLASTIC SURGERY CENTER, INC., et**                               9:52 AM
**al.**

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Please disregard any mention of attached Initial Status Conference Order. This Department no longer issues a separate Initial Status Conference Order. This minute order is the Court's Initial Status Conference Order.

Please note the Court has changed its order as to the timing of the selection by the parties of a third-party cloud service. Due to the pandemic and the urgent need to avoid court appearances, the parties MUST sign up with the service at least ten court days in advance of the Initial Status Conference. See Section 15.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

1. PARTIES, COUNSEL AND ISSUES: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information. Provide a short summary of plaintiff's causes of actions and contentions and, if possible, defendant's defenses.

2. POTENTIAL ADDITIONAL PARTIES: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

20STCP02376                                                    August 7, 2020
**SERA KIM vs WAVE PLASTIC SURGERY CENTER, INC., et**              9:52 AM
**al.**

Judge: Honorable William F. Highberger         CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

3. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain.

4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

5. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

8. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include: • Early motions in limine, • Early motions about particular jury instructions, • Demurrers, • Motions to strike, • Motions for judgment on the pleadings, and • Motions for summary judgment and summary adjudication.

9. CLASS CONTACT INFORMATION: Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

10. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11. DISCOVERY: Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

20STCP02376                                                                                    August 7, 2020
**SERA KIM vs WAVE PLASTIC SURGERY CENTER, INC., et**                                              9:52 AM
**al.**

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.

12. INSURANCE COVERAGE: Please state if there is insurance for indemnity or reimbursement.

13. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

14. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
• The next status conference, if a status conference is needed. The Court does not schedule status conferences for "routine" cases. The normal procedure is the Court will give a deadline for the motion for class certification with a non-appearance hearing set a few court days after the deadline;
• A schedule for alternative dispute resolution, if it is relevant; • A filing deadline for the motion for class certification; and
• Filing deadlines and descriptions for other anticipated non-discovery motions.

15. ELECTRONIC SERVICE OF PAPERS: For efficiency the complex program requires the parties in every new case to use a third-party cloud service (also known as an e-service provider). The parties must sign up with the provider at least ten court days in advance of the initial status conference and advise the Court, via email to sscdept10@lacourt.org, which provider was selected.

16. REMINDER WHEN SEEKING TO DISMISS OR TO OBTAIN SETTLEMENT APPROVAL: "A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCP02376**                                                    August 7, 2020
**SERA KIM vs WAVE PLASTIC SURGERY CENTER, INC., et**                    9:52 AM
**al.**

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

17. STAY OF PROCEEDINGS. Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

18. SERVICE OF THIS ORDER. Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.


Certificate of Mailing is attached.

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/07/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Sera Kim | |
| DEFENDANT/RESPONDENT:<br>Wave Plastic Surgery Center, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCP02376 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Complex Designation) of 08/07/2020  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Frank H Kim
Helen Kim Law, APC
3435 Wilshire Blvd Ste 2700
Los Angeles, CA  90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/10/2020          By:  M. Mata _____
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 2-C

Proofs of Service
Wave Plastic Surgery Center, Inc.

RECEIVED BY FAX
FOR COURT USE ONLY
(CRC 2005)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Frank Kim, Esq. | SBN: 264609
GUEST FIRM
3435 Wilshire Blvd Suite 2700 Los Angeles, CA 90010

TELEPHONE NO.: (323) 482-3300 | FAX NO.
E-MAIL ADDRESS fkim@kim-legal.com
ATTORNEY FOR (Name): Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated

**FILED**
Superior Court of California
County of Los Angeles

SEP 15 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rita Nazaryan

Los Angeles County Superior Court - Stanley Mosk Courthouse
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk - Central District

PLAINTIFF: **Sera Kim, as an individual and on behalf of all others similarly situated**

DEFENDANT: **Wave Plastic Surgery Center, Inc., a California corporation; et al.**

CASE NUMBER:
**20STCP02376**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
**Kim v. Wave Plastic Surgery**

POS010-1/177923A

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

RECEIVED
SEP 15 2020

3. a. Party served *(specify name of party as shown on documents served):*
   **Wave Plastic Surgery Center, Inc., a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Peter G. Lee - Registered Agent for Service of Process**

4. Address where the party was served: **3680 Wilshire Blvd., # 202**
   **Los Angeles, CA 90010**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* **9/8/2020** at *(time):* **1:10 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Liillian Zhang - Agent in charge authorized to accept service**
   Age: 32 Weight: 125 Hair: Black Sex: Female Height: 5'5" Eyes: Race: Asian

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*    **or** ☑ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/177923A**

| PETITIONER: Sera Kim, as an individual on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: Wave Plastic Surgery Center, Inc., a California corporation; et al. | 20STCP02376 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify):* **Wave Plastic Surgery Center, Inc., a California corporation**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a. Name: **Oscar Herrera - ON-CALL LEGAL**
    b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**
    c. Telephone number: **(310) 858-9800**
    d. **The fee** for service was: **$ 95.05**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner    ☑ employee    ☐ independent contractor.
            (ii) Registration No.: **2018048510**
            (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/9/2020**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
        **Oscar Herrera**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| | FOR COURT USE ONLY |
|---|---|

Attorney or Party without Attorney:
Frank Kim, Esq., SBN: 264609
GUEST FIRM
3435 Wilshire Blvd Suite 2700
Los Angeles, CA 90010
TELEPHONE No.: (323) 482-3300   FAX No. (Optional):

Attorney for: Plaintiff Sera Kim, as an individual and on behalf of all others similarly situated

Ref No. or File No.: Kim v. Wave Plastic Surgery

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court - Stanley Mosk Courthouse - Stanley Mosk - Central District

Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated

Defendant: Wave Plastic Surgery Center, Inc., a California corporation; et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: 10 | CASE NUMBER: 20STCP02376 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as  follows:

    a. Date of Mailing:            September 9, 2020
    b. Place of Mailing:          Los Angeles, CA
    c. Addressed as follows:     Wave Plastic Surgery Center, Inc., a California corporation
                             3680 Wilshire Blvd. 202
                             Los Angeles, CA 90010

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: **$ 95.05**
  **ON-CALL LEGAL**
  **1875 Century Park East, STE H**
  **Los Angeles, CA 90067**
  **(310) 858-9800**
    **Ref: Kim v. Wave Plastic Surgery**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  **September 9, 2020**.

Signature: _____

**David Azema**

## PROOF OF SERVICE BY MAIL

Order#: **177923A/mailproof**

# EXHIBIT 2-D

Proofs of Service
Wave Plastic Surgery Center Arcadia,
Inc.

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*
Frank Kim, Esq. | SBN: 264609
GUEST FIRM
3435 Wilshire Blvd Suite 2700  Los Angeles, CA 90010

TELEPHONE NO.: (323) 482-3300 | FAX NO.
E-MAIL ADDRESS: fkim@kim-legal.com
ATTORNEY FOR *(Name):* Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated

FOR COURT USE ONLY
(CRC 2005)

FILED
Superior Court of California
County of Los Angeles

SEP 15 2020

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Paul R. Cruz

Los Angeles County Superior Court - Stanley Mosk Courthouse
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk - Central District

PLAINTIFF: **Sera Kim, as an individual and on behalf of all others similarly situated**
DEFENDANT: **Wave Plastic Surgery Center, Inc., a California Corporation; et al.**

CASE NUMBER:
**20STCP02376**

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Kim v. Wave Plastic Surgery** |

*(Separate proof of service is required for each party served.)*

RECEIVED
SEP 15 2020

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served):*
   **Wave Plastic Surgery Center Arcadia, Inc., a California corporation**
   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Peter G. Lee - Registered Agent for Service of Process**

4. Address where the party was served: **3680 Wilshire Blvd., # 202**
   **Los Angeles, CA 90010**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. ☑ **by substituted service.** On *(date):* 9/8/2020 at *(time):* **1:10 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Liillian Zhang - Agent in charge authorized to accept service**
   Age: 32 Weight: 125 Hair: Black Sex: Female Height: 5'5" Eyes:  Race: Asian
   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*    or ☑ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/177923B

| PETITIONER: Sera Kim, as an individual and behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: Wave Plastic Surgery Center, Inc., a California Corporation; et al. | 20STCP02376 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of *(specify):* **Wave Plastic Surgery Center Arcadia, Inc., a California corporation**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a. Name: **Oscar Herrera - ON-CALL LEGAL**

    b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**

    c. Telephone number: **(310) 858-9800**

    d. **The fee** for service was: **$ 216.75**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner   ☑ employee   ☐ independent contractor.

            (ii) Registration No.: **2018048510**

            (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/9/2020**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
      **Oscar Herrera**
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Attorney or Party without Attorney:
 Frank Kim, Esq., SBN: 264609
 GUEST FIRM
 3435 Wilshire Blvd Suite 2700
 Los Angeles, CA 90010
TELEPHONE No.: (323) 482-3300          FAX No. (Optional):

Attorney for: Plaintiff Sera Kim, as an individual and on behalf of all others similarly situated

Ref No. or File No.:
Kim v. Wave Plastic Surgery

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

SEP 15 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Paul R. Cruz

Insert name of Court, and Judicial District and Branch Court:
 Los Angeles County Superior Court - Stanley Mosk Courthouse - Stanley Mosk - Central District

Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated

Defendant: Wave Plastic Surgery Center, Inc., a California Corporation; et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: 10 | CASE NUMBER: 20STCP02376 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute Resolution (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

   a. Date of Mailing:           September 9, 2020
   b. Place of Mailing:          Los Angeles, CA
   c. Addressed as follows:      Wave Plastic Surgery Center Arcadia, Inc., a California corporation
                                 3680 Wilshire Blvd. 202
                                 Los Angeles, CA 90010

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: **$ 216.75**
 **ON-CALL LEGAL**
 **1875 Century Park East, STE H**
 **Los Angeles, CA 90067**
 **(310) 858-9800**
 **Ref: Kim v. Wave Plastic Surgery**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  **September 9, 2020**.

Signature: _____

**David Azema**

**PROOF OF SERVICE BY MAIL**

Order#: 177923B/mailproof

# EXHIBIT 2-E

Proofs of Service
Wave Plastic Surgery Center Irvine,
Inc.

io

**BY FAX**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address)*
Frank Kim, Esq. | SBN: 264609
GUEST FIRM
3435 Wilshire Blvd Suite 2700  Los Angeles, CA 90010

TELEPHONE NO.: (323) 482-3300 | FAX NO.
E-MAIL ADDRESS fkim@kim-legal.com
ATTORNEY FOR *(Name):* Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated

**FOR COURT USE ONLY**

FILED
(CRS 2005)
Superior Court of California
County of Los Angeles

SEP 15 2020

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Paul R. Cruz

**Los Angeles County Superior Court - Stanley Mosk Courthouse**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk - Central District

PLAINTIFF: **Sera Kim, as an individual and on behalf of all others similarly situated**

DEFENDANT: **Wave Plastic Surgery Center, Inc., a California corporation; et al.**

CASE NUMBER:
**20STCP02376**

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:
**Kim v. Wave Plastic Surgery** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served):*
   **Wave Plastic Surgery Center Irvine, Inc., a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Peter G. Lee - Registered Agent for Service of Process**

4. Address where the party was served: **3680 Wilshire Blvd., # 202
   Los Angeles, CA 90010**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* **9/8/2020** at *(time):* **1:10 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Liillian Zhang - Agent in charge authorized to accept service**
   Age: 32 Weight: 125 Hair: Black Sex: Female Height: 5'5'' Eyes:  Race: Asian

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* from *(city):*                               **or** ☑ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/177923C

RECEIVED
SEP 15 2020

09/16/2020

| | CASE NUMBER: |
|---|---|
| PETITIONER: Sera Kim, as an individual a          behalf of all others similarly situated | |
| RESPONDENT: Wave Plastic Surgery Center, Inc., a California corporation; et al. | 20STCP02376 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **Wave Plastic Surgery Center Irvine, Inc., a California corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)

                                     ☐ other:

7. Person who served papers

  a. Name: **Oscar Herrera - ON-CALL LEGAL**

  b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**

  c. Telephone number: **(310) 858-9800**

  d. **The fee** for service was: **$ 148.75**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner    ☑ employee    ☐ independent contractor.

      (ii) Registration No.: **2018048510**

      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/9/2020**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
    **Oscar Herrera**    ▶
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Attorney or Party without Attorney:
Frank Kim, Esq., SBN: 264609
GUEST FIRM
3435 Wilshire Blvd Suite 2700
Los Angeles, CA 90010
TELEPHONE No.: (323) 482-3300          FAX No. (Optional):

Attorney for: Plaintiff Sera Kim, as an individual and on behalf of all others
similarly situated

Ref No. or File No.:
Kim v. Wave Plastic Surgery

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

SEP 15 2020

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Paul R. Cruz

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court - Stanley Mosk Courthouse - Stanley Mosk - Central District

Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated

Defendant: Wave Plastic Surgery Center, Inc., a California corporation; et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: 10 | CASE NUMBER: 20STCP02376 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

    a. Date of Mailing:        September 9, 2020
    b. Place of Mailing:      Los Angeles, CA
    c. Addressed as follows:   Wave Plastic Surgery Center Irvine, Inc., a California corporation
                              3680 Wilshire Blvd. 202
                              Los Angeles, CA 90010

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: **$ 148.75**
    **ON-CALL LEGAL**
    **1875 Century Park East, STE H**
    **Los Angeles, CA 90067**
    **(310) 858-9800**
    **Ref: Kim v. Wave Plastic Surgery**

I declare under penalty of perjury under the laws of the
The State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  **September 9, 2020**.

Signature: _____

**David Azema**

**PROOF OF SERVICE BY MAIL**

Order#: 177923C/mailproof

# EXHIBIT 2-F

Proofs of Service
Wave Plastic Surgery Center R.H.,
Inc.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Frank Kim, Esq. \| SBN: 264609<br>GUEST FIRM<br>3435 Wilshire Blvd Suite 2700 Los Angeles, CA 90010<br><br>TELEPHONE NO.: (323) 482-3300 \| FAX NO.<br>E-MAIL ADDRESS fkim@kim-legal.com<br>ATTORNEY FOR *(Name):* Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 15 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Paul R. Cruz |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

| PLAINTIFF: **Sera Kim, as an individual and on behalf of all others similarly situated** | CASE NUMBER: |
|---|---|
| DEFENDANT: **Wave Plastic Surgery Center, Inc, a California corporation; et al.** | **20STCP02376** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Kim v. Wave Plastic Surgery** |

RECEIVED

SEP 15 2020

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served):*
   **Wave Plastic Surgery Center R.H., Inc., a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Peter G. Lee - Registered Agent for Service of Process**

4. Address where the party was served: **3680 Wilshire Blvd., # 202**
   **Los Angeles, CA 90010**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* 9/8/2020 at *(time):* 1:10 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Liillian Zhang - Agent in charge authorized to accept service**
   Age: 32 Weight: 125 Hair: Black Sex: Female Height: 5'5'' Eyes: Race: Asian

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☑ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS-010-1/177923D**

| | |
|---|---|
| PETITIONER: Sera Kim, as an individual and behalf of all others similarly sitauted<br><br>RESPONDENT: Wave Plastic Surgery Center, Inc, a California corporation; et al. | CASE NUMBER:<br><br>20STCP02376 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                     (2) *from (city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Wave Plastic Surgery Center R.H., Inc., a California corporation**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: **Oscar Herrera - ON-CALL LEGAL**

  b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**

  c. Telephone number: **(310) 858-9800**

  d. **The fee** for service was: **$ 148.75**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner   ☑ employee   ☐ independent contractor.

      (ii) Registration No.: **2018048510**

      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/9/2020**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
**Oscar Herrera**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

| | FOR COURT USE ONLY |
|---|---|
| Attorney or Party without Attorney:<br>Frank Kim, Esq., SBN: 264609<br>GUEST FIRM<br>3435 Wilshire Blvd Suite 2700<br>Los Angeles, CA 90010<br>*TELEPHONE No.:* (323) 482-3300          *FAX No. (Optional):*<br>*Attorney for:* Plaintiff Sera Kim, as an individual and on behalf of all others<br>similarly situated | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 15 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Paul R. Cruz |

*Ref No. or File No.:*
Kim v. Wave Plastic Surgery

*Insert name of Court, and Judicial District and Branch Court:*
Los Angeles County Superior Court - Stanley Mosk Courthouse - Stanley Mosk - Central District

*Plaintiff:* Sera Kim, as an individual and on behalf of all others similarly statuted

*Defendant:* Wave Plastic Surgery Center, Inc, a California corporation; et al.

| **PROOF OF SERVICE<br>BY MAIL** | HEARING DATE: | TIME: | DEPT.:<br>10 | CASE NUMBER:<br>20STCP02376 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as  follows:

   a. Date of Mailing:              September 9, 2020
   b. Place of Mailing:            Los Angeles, CA
   c. Addressed as follows:     Wave Plastic Surgery Center R.H., Inc., a California corporation
                                            3680 Wilshire Blvd. 202
                                            Los Angeles, CA 90010

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: **$ 148.75**
**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**Ref: Kim v. Wave Plastic Surgery**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  **September 9, 2020.**

Signature: _____
                              **David Azema**

**PROOF OF SERVICE BY MAIL**

Order#: 177923D/mailproof

# EXHIBIT 2-G

Proof of Service
Wave Plastic Surgery Center San
Francisco, Inc.

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Frank Kim, Esq. | SBN: 264609<br>GUEST FIRM<br>3435 Wilshire Blvd Suite 2700  Los Angeles, CA 90010<br><br>TELEPHONE NO.: (323) 482-3300 | FAX NO.<br>E-MAIL ADDRESS: fkim@kim-legal.com<br>ATTORNEY FOR (Name): Plaintiff: Sera Kim, as an individual and on behalf of all others similarly situated | FOR COURT USE ONLY<br>(CRC 2005)<br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 15 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Rita Nazaryan<br><br>RECEIVED<br>SEP 15 2020 |

Los Angeles County Superior Court - Stanley Mosk Courthouse

STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk - Central District

| | |
|---|---|
| PLAINTIFF: **Sera Kim, as an individual and on behalf of all others similarly situated**<br><br>DEFENDANT: **Wave Plastic Surgery Center, Inc, a California corporation; et al.** | CASE NUMBER:<br>**20STCP02376** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Kim v. Wave Plastic Surgery** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served):*
   **Wave Plastic Surgery Center San Francisco, Inc, a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Afi Moghani - Registered Agent for Service of Process**

4. Address where the party was served: **3070 Bristol St Ste 610**
   **Costa Mesa, CA 92626-7319**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/4/2020** (2) at *(time):* **11:45 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS-010-1/177923E** |

| PETITIONER: Sera Kim, as an individual an___ ___ehalf of all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: Wave Plastic Surgery Center, Inc, a California corporation; et al. | 20STCP02376 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*  (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Wave Plastic Surgery Center San Francisco, Inc, a California corporation**
   under the following Code of Civil Procedure section:

  ☑ 416.10 (corporation)   ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
  ☐ 416.50 (public entity)   ☐ 415.46 (occupant)
    ☐ other:

7. **Person who served papers**

a. Name: **Steven Phillips - ON-CALL LEGAL**

b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**

c. Telephone number: **(310) 858-9800**

d. **The fee** for service was: **$ 118.35**

e. I am:

  (1) ☑ not a registered California process server.
  (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
  (3) ☐ registered California process server:
    (i) ☐ owner   ☐ employee   ☐ independent contractor.
    (ii) Registration No.: **2018048510**
    (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/9/2020**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
**Steven Phillips**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| POS-010 [Rev January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 2 of 2 |
|---|---|---|
| | | **POS-010/177923E** |

FILED BY FAX
(CRC 2005)

FRANK H. KIM (SBN 260609)
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Email: fkim@kim-legal.com

Attorneys for Plaintiff Sera Kim

**FILED**
Superior Court of California
County of Los Angeles

NOV 04 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Kristina Vargas

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SERA KIM, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>WAVE PLASTIC SURGERY CENTER, INC, a California corporation; WAVE PLASTIC SURGERY CENTER ARCADIA, INC, a California corporation; WAVE PLASTIC SURGERY CENTER IRVINE, INC., a California corporation; WAVE PLASTIC SURGERY CENTER R.H., INC., a California corporation; WAVE PLASTIC SURGERY CENTER SAN FRANCISCO, INC, a California corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: **20STCP02376**<br><br>**PLAINTIFF'S REQUEST TO CONTINUE INSITIAL STATUS CONFERENCE**<br><br>**Date: November 6, 2020**<br>**Time: 10:00 AM**<br>**Dept: 10**<br>**Judge: Hon. William F. Highberger** |

PLAINTIFF'S REQUEST TO CONTINUE INITIAL STATUS CONFERENCE

1      Plaintiff Sera Kim requests that the Initial Status Conference currently set for
2  November 6, 2020 be continued to December 21, 2020 or thereafter on a date that is
3  convenient to this Court.

4      On October 22, 2020, Plaintiff's counsel met and conferred with defense counsel
5  regarding this Court's Minute Order.  That same day, Plaintiff's counsel emailed a draft Joint
6  Initial Status Conference Class Action Response Statement to defense counsel for review.

7      On October 29, 2020 defense counsel emailed Plaintiff's counsel that defendants are
8  "in the process of retaining associate counsel for this matter."

9      On October 30, 2020, defendants' outside general counsel separately emailed
10  Plaintiff's counsel that defendants are assigning this case to "an associated law firm."

11      As of the date of this filing, defendants' "associated law firm" have neither contacted
12  Plaintiff's counsel nor filed a Notice of Appearance.

13

14  Dated: November 4, 2020          **KIM LEGAL, APC**
15

16

17  By:
18

19                Frank H. Kim
                    Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUEST TO CONTINUE INITIAL STATUS CONFERENCE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3435 Wilshire Blvd. #2700, Los Angeles, CA 90010

On **November 4, 2020,** I served the foregoing documents in *Kim v. Wave Plastic Surgery Center, Inc., et al.*, Case No. 20STCP02376 described as **PLAINTIFF'S REQUEST TO CONTINE INITIAL STATUS CONFERENCE** on the interested parties in this action as listed below and in the manner(s) described below:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address fkim@kim-legal.com to the persons at the e-mail addresses listed below:

Sassan Mackay
COMMERCE LAW GROUP
1120 W. La Palma Ave., Suite #6
Anaheim, CA 92801
Tel: (714) 709-4991
smackay@commercelaw.net

Bhupinder Kaur Malik
Law Offices of Edward C. Ip & Associates
4424 Santa Anita Ave, Suite 201
El Monte, CA 91731
Tel: (626) 228-0638
malik@lawyer4property.com

Executed on **November 4, 2020,** at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

Frank H. Kim

PLAINTIFF'S REQUEST TO CONTINUE INITIAL STATUS CONFERENCE

# EXHIBIT 2-H

# Notice of Continued Initial Status Conference

10

FILED BY FAX
(CRC 2005)

FILED
Superior Court of California
County of Los Angeles

SEP 22 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ S. DREW _____ Deputy

1  FRANK H. KIM (SBN 260609)
   **KIM LEGAL, APC**
2  3435 Wilshire Blvd, Suite 2700
   Los Angeles, CA 90010
3  Telephone: (323) 482-3300
   Email: fkim@kim-legal.com
4
5  Attorneys for Plaintiff Sera Kim

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                  **FOR THE COUNTY OF LOS ANGELES**

8

9  SERA KIM, as an individual and on behalf of     **Case No.: 20STCP02376**
   all others similarly situated,
10                                                  **PLAINTIFF'S NOTICE OF CONTINUED
                                                    INSITIAL STATUS CONFERENCE**
11              Plaintiff,

12        v.                                        **Date: November 6, 2020**
                                                    **Time: 10:00 AM**
13  WAVE PLASTIC SURGERY CENTER,                    **Dept: 19**
    INC, a California corporation; WAVE            **Judge: Hon. William F. Highberger**
14  PLASTIC SURGERY CENTER ARCADIA,
    INC, a California corporation; WAVE
15  PLASTIC SURGERY CENTER IRVINE,
    INC., a California corporation; WAVE
16  PLASTIC SURGERY CENTER R.H., INC., a
    California corporation; WAVE PLASTIC
17  SURGERY CENTER SAN FRANCISCO,
    INC, a California corporation; and DOES 1
18  through 50, inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

                                    1
─────────────────────────────────────────────────
       PLAINTIFF'S NOTICE OF CONTINUED INITIAL STATUS CONFERENCE

09/22/2020

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE THAT NOTICE that the Initial Status Conference has been continued from September 30, 2020 to 10:00 AM on November 6, 2020 in Department 10 located at 312 N. Spring Street, Los Angeles, CA 90012.


Dated: September 21, 2020                    **KIM LEGAL, APC**


By:     *Frank Kim*
        _____

        Frank Kim, Esq.
        Attorneys for Plaintiff

---

2

PLAINTIFF'S NOTICE OF CONTINUED INITIAL STATUS CONFERENCE

1

**PROOF OF SERVICE**

2

I am employed in the County of Los Angeles, State of California.  I am over the age of

3

18 and not a party to the within action; my business address is: 3435 Wilshire Blvd. #2700, Los
Angeles, CA 90010

4

On **September 21, 2020,** I served the foregoing documents in *Kim v. Wave Plastic*

5

*Surgery Center, Inc., et al.*, Case No. 20STCP02376 described as **PLAINTIFF'S NOTICE OF**
**CONTINUED INITIAL STATUS CONFERENCE** on the interested parties in this action as

6

listed below and in the manner(s) described below:

7

[x]      **(BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in

8

the U.S. mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing.  It is deposited with U.S. Postal Service

9

on that same day in the ordinary course of business.

10

**WAVE PLASTIC SURGERY CENTER,**      **WAVE PLASTIC SURGERY CENTER**

11

**INC**                                                                    **ARCADIA, INC**
c/o Julie Kim                                                          c/o Peter G. Lee

12

3680 Wilshire Blvd., Suite 202                             3689 Wilshire Blvd., Suite 207
Los Angeles, CA 90010                                       Los Angeles, CA 90010

13

14

**WAVE PLASTIC SURGERY CENTER**      **WAVE PLASTIC SURGERY CENTER**
**IRVINE, INC**                                                     **R.H., INC**

15

c/o Peter G. Lee                                                     c/o Peter G. Lee
3680 Wilshire Blvd., Suite 207                             3680 Wilshire Blvd., Suite 207

16

Los Angeles, CA 90010                                       Los Angeles, CA 90010

17

**WAVE PLASTIC SURGERY CENTER**

18

**SAN FRANCISCO, INC**
c/o Afi Moghani

19

3070 Bristol St., Suite 610
Costa Mesa, CA 92626

20

21

Executed on **September 21, 2020,** at Los Angeles, California.

22

I declare under penalty of perjury under the laws of the State of California that the above

23

is true and correct.

24

25

*Frank Kim*

26

Frank Kim

27

28

3

# EXHIBIT 2-I

Plaintiff's Request to Continue Initial
Status Conference

1   FRANK H. KIM (SBN 260609)
    **KIM LEGAL, APC**
2   3435 Wilshire Blvd, Suite 2700
    Los Angeles, CA 90010
3   Telephone: (323) 482-3300
    Email: fkim@kim-legal.com
4
5   Attorneys for Plaintiff Sera Kim

**FILED**
Superior Court of California
County of Los Angeles

NOV 04 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Kristina Vargas

6                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                    **FOR THE COUNTY OF LOS ANGELES**

8

9   SERA KIM, as an individual and on behalf of       **Case No.: 20STCP02376**
    all others similarly situated,
10                                                     **PLAINTIFF'S REQUEST TO CONTINUE**
                    Plaintiff,                         **INSITIAL STATUS CONFERENCE**
11          v.
                                                       **Date: November 6, 2020**
12   WAVE PLASTIC SURGERY CENTER,                      **Time: 10:00 AM**
     INC, a California corporation; WAVE               **Dept: 10**
13   PLASTIC SURGERY CENTER ARCADIA,                   **Judge: Hon. William F. Highberger**
     INC, a California corporation; WAVE
14   PLASTIC SURGERY CENTER IRVINE,
     INC., a California corporation; WAVE
15   PLASTIC SURGERY CENTER R.H., INC., a
     California corporation; WAVE PLASTIC
16   SURGERY CENTER SAN FRANCISCO,
17   INC, a California corporation; and DOES 1
     through 50, inclusive,
18
19                  Defendants.
20
21
22
23
24
25
26
27
28

                                        1

1     Plaintiff Sera Kim requests that the Initial Status Conference currently set for

2  November 6, 2020 be continued to December 21, 2020 or thereafter on a date that is

3  convenient to this Court.

4     On October 22, 2020, Plaintiff's counsel met and conferred with defense counsel

5  regarding this Court's Minute Order.  That same day, Plaintiff's counsel emailed a draft Joint

6  Initial Status Conference Class Action Response Statement to defense counsel for review.

7     On October 29, 2020 defense counsel emailed Plaintiff's counsel that defendants are

8  "in the process of retaining associate counsel for this matter."

9     On October 30, 2020, defendants' outside general counsel separately emailed

10  Plaintiff's counsel that defendants are assigning this case to "an associated law firm."

11     As of the date of this filing, defendants' "associated law firm" have neither contacted

12  Plaintiff's counsel nor filed a Notice of Appearance.

Dated: November 4, 2020          **KIM LEGAL, APC**

By:

_____

Frank H. Kim
Attorneys for Plaintiff

---

PLAINTIFF'S REQUEST TO CONTINUE INITIAL STATUS CONFERENCE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3435 Wilshire Blvd. #2700, Los Angeles, CA 90010

On **November 4, 2020,** I served the foregoing documents in *Kim v. Wave Plastic Surgery Center, Inc., et al.*, Case No. 20STCP02376 described as **PLAINTIFF'S REQUEST TO CONTINE INITIAL STATUS CONFERENCE** on the interested parties in this action as listed below and in the manner(s) described below:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address fkim@kim-legal.com to the persons at the e-mail addresses listed below:

Sassan Mackay
COMMERCE LAW GROUP
1120 W. La Palma Ave., Suite #6
Anaheim, CA 92801
Tel: (714) 709-4991
smackay@commercelaw.net

Bhupinder Kaur Malik
Law Offices of Edward C. Ip & Associates
4424 Santa Anita Ave, Suite 201
El Monte, CA 91731
Tel: (626) 228-0638
malik@lawyer4property.com

Executed on **November 4, 2020,** at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Frank Kim_ (signature)

_____

Frank H. Kim

PLAINTIFF'S REQUEST TO CONTINUE INITIAL STATUS CONFERENCE